DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Raymond Orgel, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms the trial court's judgment.
 I. {¶ 2} In February 2007, Medina City Police Officers responded to a call about a stabbing in apartment three at 323 West Union Avenue in Medina. Officer Lynn approached Orgel as he walked quickly away from the direction of apartment three. Officer Lynn asked Orgel where he was coming from. He responded that he had just left apartment three and that he had been punched.
 {¶ 3} The officer believed Orgel may have been involved in the stabbing. She handcuffed Orgel and walked him back to the apartment. Officer Lynn asked Orgel if he had any weapons. He responded that he did not, but he reached in his pocket and removed a pack of cigarettes, cell phone, and crack pipe. Orgel was then placed under arrest for possession of drug *Page 2 
paraphernalia. He was eventually indicted for possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth degree felony.
 {¶ 4} Orgel moved to suppress the evidence seized as a result of the stop. Following a hearing, the trial court denied the motion. Orgel then entered a no contest plea, was found guilty, and filed a timely appeal, raising one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DENYING [ORGEL'S] MOTION TO SUPPRESS THE PHYSICAL EVIDENCE, WHERE THE LAW ENFORCEMENT OFFICERS LACKED REASONABLE ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY TO JUSTIFY THE STOP AND DETENTION OF [ORGEL] MERELY BECAUSE HE WAS IN THE VICINITY OF A REPORTED DISTURBANCE."
 {¶ 5} In his sole assignment of error, Orgel argues the trial court erred when it denied his motion to suppress. We do not agree.
 {¶ 6} The review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court serves as the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. Id. citing State v. Mills (1992),62 Ohio St.3d 357, 366. Thus, this Court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." Id. citing State v. Fanning (1982), 1 Ohio St.3d 19. We accept the facts as true and decide de novo whether the facts meet the applicable legal standard. Id.
 {¶ 7} Based upon our review of the record, the trial court's findings of fact are supported by competent, credible evidence. The trial court found that Officer Lynn responded to a call that there had been a stabbing in apartment three in an apartment complex. Officer Lynn noticed Orgel walking away from the building in which apartment three was located. Officer *Page 3 
Lynn and Officer Stevens, who also responded to the call, stopped Orgel to question him. Orgel told the officers that he had left apartment three and that he had been "punched out." The officers decided to walk Orgel back to the apartment to determine whether he was involved in the alleged assault. Officer Lynn handcuffed Orgel for the officers' safety. After she cuffed him, she asked Orgel if he had anything in his pockets. He reached into his pocket and removed a crack pipe. At that point, he was placed under arrest for possession of drug paraphernalia.
 {¶ 8} Having determined that the trial court's factual conclusions were supported by competent, credible evidence, we decide de novo whether the factual conclusions support the trial court's decision. We agree with the trial court's decision to deny the motion to suppress.
 {¶ 9} This Court has recognized that the "typical Terry stop entails a brief detention sufficient for the police to ask questions pertaining to the suspicious circumstances." State v. Mills, 9th Dist. Nos. 02CA0037-M, 02CA0038-M, 2002-Ohio-7323, ¶ 11, citing State v. Jones (Dec. 3, 1999), 1st Dist. No. C-990125. Other Districts have reached the same conclusion. See, e.g., State v. Carter, 2d Dist. No. 21999, 2008-Ohio-2588; State v.Feliciano, 11th Dist. No. 2004-L-205, 2006-Ohio-1678, ¶ 27 (collecting cases). This Court has further held that Terry recognizes police officers "are entitled to take reasonable measures to ensure their own safety, including handcuffing should the situation warrant it."Mills at ¶ 11 (internal citations and quotations omitted). The circumstances of the stop must demonstrate some risk to the officers so that the officer safety rationale will apply. Id.
 {¶ 10} The circumstances in this case warranted using handcuffs. Orgel told the officers that he just left an apartment to which the officers were responding regarding a call about an assault with a knife. He told the officers that he had been punched before he left the apartment. And he had no visible knife wounds. The facts available to the officers suggested that at least *Page 4 
two assaults had taken place in apartment three and that Orgel was involved in an assault in some way, possibly as an attacker. The police were entitled to take reasonable measures to ensure their own safety; these measures included placing Orgel in handcuffs. Mills at ¶ 11.
 {¶ 11} Officer Lynn properly stopped Orgel to talk with him and, based on his responses, properly placed him in handcuffs to continue her investigation. The situation warranted these steps. Thus, the trial court properly denied Orgel's motion to suppress the evidence.
 III. {¶ 12} The trial court properly denied Orgel's motion to suppress. The assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 Slaby, J., Dickinson, J., concur. *Page 1